# EXHIBIT “A”

LUNDY LAW, LLP
BY: LINDSAY M. DUGAN, ESQUIRE
IDENTIFICATION NO. 202207
SUITE 2400
1818 MARKET STREET
PHILADELPHIA, PA. 19103-2297
215-246-9232
ldugan@lundylaw.com

Filed and Attested by the Office of Judicial Records 13 JUL 2026 11:08 am S. GILLIAM

ATTORNEY FOR PLAINTIFF

**ASSESSMENT OF DAMAGES HEARING:**

[ X ] IS [ ] IS NOT REQUIRED
[ X ] Jury [ ] Non-Jury [ ] Arbitration

*COURT OF COMMON PLEAS*

*PHILADELPHIA COUNTY*

Trial Division

TERM JULY

No

Chelsea A. Taylor
170 N Bingaman Street
Reading, PA 19606

Plaintiff

v.

Walmart, Inc.
5370 Allentown Pike
Temple, PA 19560

Defendant

NOTICE TO DEFEND
PL 2S

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**LAWYER REFERRAL SERVICE**
1101 Market St #11, Philadelphia, PA 1910
(215) 238-6300

**AVISO**

'Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**LAWYER REFERRAL SERVICE**
1101 Market St #11, Philadelphia, PA 1910
(215) 238-6300

Lundy Law, LLP
Lindsay Dugan, Esq.
Identification No.: 202207
1818 Market Street, Suite 2400
Philadelphia, PA 19103-3659
(215) 246-9232
ldugan@lundylaw.com

Attorney for Plaintiff

| | |
|---|---|
| Chelsea A. Taylor<br>170 N Bingaman Street<br>Reading, PA 19606<br>Plaintiff<br><br>v.<br><br>Walmart, Inc.<br>5370 Allentown Pike<br>Temple, PA 19560<br><br>Defendant | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>NO. ________________ |

COMPLAINT

1. Plaintiff, Chelsea A. Taylor, is an adult individual who resides at address noted in the caption.

2. Defendant, Walmart Inc. ("Walmart"), is a corporation with a place of business located at the address noted in the caption that regularly conducts business in Philadelphia, Pennsylvania.

3. At all times relevant hereto, Defendant owned, operated, leased, maintained, managed, supervised, possessed, and controlled the Walmart store identified as Store #2614 (also known as Walmart Muhlenberg), located at 5370 Allentown Pike, Temple, PA 19560 ("the premises").

4. At all times relevant hereto, there was a dangerous and/or hazardous condition in the nature of an accumulation of liquid on the walking surface of the floor inside Defendant's store at

the premises.

5. At all times relevant hereto, Defendant was enshrined with the duty to keep the premises free and clear of dangerous conditions.

6. At all times relevant hereto, Defendant knew or in the exercise of reasonable care should have known that the accumulation of liquid on the floor was a slip and fall hazard to invitees, in that such accumulations are an ordinary and recurring occurrence at large retail stores like Defendant's premises, particularly during winter months, and Defendant failed to inspect the premises, remove the water, or warn invitees of its presence prior to Plaintiff's fall.

7. At all times material hereto, Defendant acted and/or failed to act by and through its respective agents, servants, workers, and/or employees.

8. On January 15, 2025, at approximately 11:15 a.m., Plaintiff, Chelsea A. Taylor, was an invitee on Defendant's premises when she slipped and fell because of the accumulation of liquid on the floor inside the store, and she sustained personal injuries more fully set forth at length below.

9. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff, Chelsea A. Taylor, suffered severe and permanent injuries to her body which include, but are not limited to, a traumatic aggravation of bilateral L5 pars interarticularis defects causing a symptomatic and unstable grade 1 L5-S1 spondylolisthesis, lumbosacral radiculopathy, low back pain syndrome, and lumbar degenerative joint disease, requiring extensive conservative treatment including physical therapy, multiple epidural steroid injections (including a caudal epidural steroid injection performed on November 6, 2025), and a recommendation for an L5-S1 pedicle screw fusion with possible interbody fusion surgery.

10. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff, Chelsea A. Taylor, suffered internal injuries of an unknown nature, she suffered severe aches, pains,

mental anxiety and anguish and a severe shock to her entire nervous system and other injuries the full extent of which is not yet known.

11. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff, Chelsea A. Taylor, sustained an aggravation and/or exacerbation of injuries both known and unknown. She has in the past and will in the future undergo severe pain and is unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff, Chelsea A. Taylor, has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

13. As a direct and proximate result of the negligence of Defendant, Plaintiff, Chelsea A. Taylor, has been prevented from attending to her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

14. As a direct and proximate result of the negligence of Defendant, Plaintiff, Chelsea A. Taylor, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

## COUNT I

## Plaintiff, **Chelsea A. Taylor** v. Defendant, **Walmart Inc.**

15. Plaintiff, Chelsea A. Taylor, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

16. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant by and through its agents, servants, workers, and/or employees and consisted of the following:

a. failing to warn and/or adequately warn individuals of said dangerous, defective, and hazardous condition on the premises;

b. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs in the area of Plaintiff's fall, which Defendant knew or should have known caused an unreasonable risk of harm to business invitees;

c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;

d. failing to properly and adequately police and inspect the premises so as to prevent the dangerous and hazardous condition to exist;

e. causing, allowing, and/or permitting the dangerous condition on the premises, so as to constitute a menace, danger, nuisance and trap to invitees on the subject premises;

f. failing to remove liquids from the walking surfaces on the premises;

g. failing to protect the safety of invitees as it relates to the above acts of negligence; and

h. failing to properly perform its statutory, common law, industry standard and ordinance duties as it relates to the above acts of negligence.

WHEREFORE, Plaintiff, Chelsea A. Taylor, demands judgment in her favor against Defendant, individually, jointly, and/or severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus pre and post judgment interest and all other relief allowed by law.

LUNDY LAW, LLP

Date: July 13, 2026

By: ________________

Lindsay Dugan, Esquire
*Attorney for Plaintiff*

## VERIFICATION

Chelsea A. Taylor hereby states that she is the plaintiff in the above action and verifies the statements made in the foregoing Plaintiff's Complaint are true and correct to the best of her knowledge, information and belief. Chelsea A. Taylor understands that the statements therein are made subject to the penalties of 18 PA.C.S., Section 4904, relating to unsworn falsification to authorities.

07/09/2026

Chelsea A. Taylor